IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. DEAN,<br><br>    Petitioner,<br><br>  v.<br><br>RANDY GROUNDS,<br><br>    Respondent. | No. C 09-5223 LHK (PR)<br><br>ORDER DENYING MOTION TO DISMISS;<br>DISMISSING PETITION AS<br>DUPLICATIVE<br><br>(Docket No. 5) |

Petitioner, a California state prisoner, has filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the denial of his parole as a violation of due process because it exceeded the terms of his plea agreement. The Court issued an order to show cause and, on June 28, 2010, Respondent filed a motion to dismiss the petition. Petitioner filed an opposition to the motion and Respondent replied. For the reasons stated below, the Court DENIES Respondent's motion to dismiss.

**BACKGROUND**

On January 2, 1991, Petitioner pleaded guilty to second degree murder. Petitioner agreed that, in exchange for pleading guilty, he would receive a sentence of 15 years to life and, "after serving the appropriate amount of time," be released on parole for life. (Petition, Ex. B, Plea Colloquy at 7.) On December 4, 2007, the Board of Parole Hearings ("Board") denied parole. (Petition, Ex. E.) In 2009, Petitioner filed unsuccessful state habeas petitions in all three levels of

the California state courts, raising his claim that the Board violated the terms of his 1991 plea agreement for failing to set a parole date. Petitioner filed his federal habeas petition in this Court on November 4, 2009.

## DISCUSSION

Respondent moves to dismiss Petitioner's petition on four grounds. First, he argues that the petition fails to state a claim. Second, he contends that the petition is second or successive. Third, he argues that the claim is procedurally defaulted. And, fourth, he states that the petition is untimely.

A.   Failure to State a Claim

In its order to show cause, Petitioner claimed that his constitutional rights were violated because the Board failed to honor his plea agreement. Respondent argues that the petition should be dismissed for failure to state a claim because there is no evidence that a release date was part of Petitioner's plea agreement.

The issue on a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is not whether the Petitioner will "ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Here, on April 27, 2010, the Court screened the petition for sufficiency pursuant to Rule 4 of the Rules Governing Section 2254 cases and, thus, has already determined that the claim set forth in the petition was sufficient to proceed. Accordingly, Respondent's motion to dismiss based on a failure to state a claim is DENIED.

B.   Second or Successive Petition

Respondent argues that Petitioner previously filed a federal habeas petition in this Court challenging his 2007 denial of parole and, thus, the instant petition should be dismissed as successive. On May 4, 2009, Petitioner did indeed file a federal habeas petition in Case No. 09-1926 LHK, challenging the 2007 denial of parole on the grounds that it violated his rights to due process and equal protection.

In general, a claim presented in a second or successive petition under 28 U.S.C. § 2254 that was not presented in a prior petition must be dismissed unless it satisfies one of two sets of requirements, both of which are inapplicable here. However, where a new *pro se* habeas petition is

filed before the adjudication of a prior petition is complete, the new petition should be construed as a motion to amend the pending petition rather than as a successive application. *Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008) (holding that petitioner's second *pro se* habeas petition was not successive under § 2244 and should instead be construed as a motion to amend because it was filed while his previous petition was still pending before the district court). As of January 6, 2010, Petitioner's petition in Case No. 09-1926 LHK has been submitted, and is ready for decision. Thus, because that case has not yet been adjudicated, it is inappropriate to dismiss the instant petition as a successive petition. *See id.* Respondent's motion to dismiss on the ground that the petition is successive is DENIED.

Rather, the Court construes the underlying petition as a motion to amend the petition in Case No. 09-1926 LHK. *See id.* The Court notes that Petitioner has not filed any prior amendments in Case No. 09-1926 LHK; there is no evidence of bad faith or undue delay; and there appears to be no prejudice to Respondent to allow an amendment. So construed, the motion to amend is GRANTED. *Cf. Waldrip v. Hall*, 548 F.3d 729, 731-32 (9th Cir. 2008) (noting that public policy strongly encourages courts to permit amendments).

C.  Procedural Default

Respondent contends that the Court should dismiss the petition because Petitioner's claim is procedurally barred. Specifically, Respondent argues that because the California Supreme Court denied Petitioner's state habeas petition with a citation to *In re Clark*, 5 Cal. 4th 750 (1993), the state court indicated that it was not considering the petition because it was untimely, and thus, it did not consider the petition on the merits.

A federal court will not review questions of federal law decided by a state court if the decision also rests on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). In order to be "adequate" the state procedural bar cited must be "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States Dist. Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996) (internal quotations and citation omitted).

After *In re Robbins*, 18 Cal. 4th 770 (1998), California's untimeliness bar is an independent state ground for the court's decision. *Bennett v. Mueller*, 322 F.3d 573, 582-83 (9th Cir. 2003). But,

the untimeliness bar will not bar federal review unless it is also adequate, meaning, that it must be regularly and consistently applied. In *Townsend v. Knowles*, 562 F.3d 1200, 1207-08 (9th Cir. 2009), the Ninth Circuit re-affirmed that *Clark*'s rule that a habeas petition is untimely if it is filed after a "substantial delay" is not easily defined because "substantial delay" has not been clarified or consistently applied by the state courts. Here, as in *Townsend*, Respondent fails to meet his burden that California's timeliness bar is sufficiently clear or certain to be an adequate state bar.

Accordingly, Respondent's motion to dismiss on the ground of procedural default is DENIED.

D.   Statute of Limitation

Respondent argues that the petition should be dismissed as untimely. Because the Court construes this petition as a motion to amend, the motion to dismiss on this ground is DENIED without prejudice to renewal if Respondent believes that the claim is still untimely in light of Federal Rule of Civil Procedure 15 and *Mayle v. Felix*, 545 U.S. 644 (2005).

## CONCLUSION

Respondent's motion to dismiss is DENIED. In light of *Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008), the underlying petition is construed as a motion to amend the petition in Case No. 09-1926 LHK. The Clerk is directed to file the petition in Case No. 09-5223 LHK as a supplemental petition in Case No. 09-1926 LHK and close the file in this case, Case No. 09-5223 LHK, as duplicative.

**Within thirty days** of the filing date of this Order, Respondent shall file a supplemental answer in Case No. 09-1926 LHK addressing the supplemental claim. If Petitioner wishes to file a supplemental traverse, he may do so within thirty days of the filing date of Respondent's supplemental answer.

## CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009). For the reasons set out in the discussion above, Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right

Order Denying Motion to Dismiss; Dismissing Petition as Duplicative
P:\PRO-SE\SJ.LHK\HC.09\Dean223mtd.wpd                4

1  [or] that jurists of reason would find it debatable whether the district court was correct in its
2  procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Accordingly, a COA is DENIED.
3
4          IT IS SO ORDERED.
5  DATED:  11/8/2010                                    _____
                                                         LUCY H. KOH
6                                                        United States District Judge

Order Denying Motion to Dismiss; Dismissing Petition as Duplicative
P:\PRO-SE\SJ.LHK\HC.09\Dean223mtd.wpd            5